LITTLE JOE CLEVENGER V. THE STATE.

No. 12477.   Delivered April 17, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol; punishment, a fine of $100.00.

There is in this record one bill of exceptions complaining of the fact that while appellant's witness John Morgan was on the stand the State was permitted, over objection, to ask him if it was not true that he and Bud Collins were caught at a still within three months next preceding and that witness had been indicted for possession of said still.   The objection made was that Bud Collins was a witness in this case, was with appellant on the night of the alleged carrying of the pistol in question, and that it was not shown that Collins had been indicted for any complicity in the transaction inquired about.   It was further contended that the purpose and effect of the question propounded to Morgan was to reflect upon the character of Collins and seriously injure the cause of appellant who of necessity had to introduce Collins and have him testify after being so reflected upon.   We are of opinion that the contention must be sustained.   Collins was a very material witness for the appellant. It was not contended he was indicated for the possession of the still in question.   Collins was later introduced as a witness and testified very strongly in favor of appellant.   There would seem no doubt of the fact that the testimony elicited over objection was violative of the rules as far as Collins was concerned.   The objection made by appellant was sufficient to call the attention of the court to the fact

that the testimony given by witness Morgan seriously reflected upon Collins. The objection to the question should have been sustained in so far as it affected Collins.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*